# Exhibit 3



ABHA INTERNATIONAL, LLC, Plaintiff, -v- CLOVER INTERNATIONAL CORP., STOYAN I. BAKALOV, and CROWN INTERNATIONAL INC., Defendants.

11 Civ. 6841 (KBF)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2012 U.S. Dist. LEXIS 23089*

February 16, 2012, Decided
February 16, 2012, Filed

**COUNSEL:** [*1] For ABHA International, LLC, Plaintiff: Gary Edward Ireland, Law Offices of Gary E. Ireland, New York, NY.

For Clover International Corporation, Stoyan I. Bakalov, Crown International Incorporated, Defendants: Grant Aram Hanessian, LEAD ATTORNEY, Baker & McKenzie LLP, NY, NY; Jennifer Semko, PRO HAC VICE, Baker & Mckenzie LLP, Washington, DC.

**JUDGES:** KATHERINE B. FORREST, United States District Judge.

**OPINION BY:** KATHERINE B. FORREST

**OPINION**

MEMORANDUM & ORDER

KATHERINE B. FORREST, District Judge:

Currently before the Court is the motion of defendants Clover International Corp., Stoyan Bakalov ("Bakalov"), and Crown International Inc. ("Crown") to dismiss plaintiff ABHA International LLC's complaint. (Dkt. No. 7.) Defendants move to dismiss (i) the complaint to the extent it seeks to compel arbitration, (ii) the substantive causes of action plead in the alternative pursuant to *Fed. R. Civ. P. 12(b)(6)*, and (iii) the claims against defendants Bakalov and Crown for lack of personal jurisdiction. (See generally id.) Plaintiff opposes the first and third grounds on which defendants have moved, but does not oppose defendants' argument that the complaint fails to state a claim as to the causes of action plead in the alternative. [*2] See generally Pl.'s Mem. in Support of Resp. and Opp'n to Defs.' Mot. to Dismiss ("Pl. Mem.") (Dkt. No. 14).) Instead, plaintiff states simply that those grounds are "premature." (Id. at 23.)

For the reasons set forth below, defendants' motion is GRANTED IN PART and DENIED IN PART. To the extent the motion is denied, the denial is without prejudice.

I. ARBITRATION

On September 29, 2011, plaintiff filed a complaint to compel arbitration and, in the alternative, for substantive causes of action to lie with this Court if arbitration was not compelled. (Dkt. No. 1; see also Dkt. No. 20.) Attached to that complaint are two contracts out of which the instant dispute arises--the 2009 Consulting Agreement and the 2005 Working Agreement (together, the "Agreements").[1] (Compl. (Dkt. No. 1) Exs. A & B; see also id. ¶¶ 5, 15-18.)

> 1 Defined terms used herein have the same meaning as those used in the parties' memorandum in support of and in opposition to defendants' motion. (See Dkt. Nos. 8, 14.)

Section 5.02 of the 2009 Consulting Agreement reads as follows:

> This Agreement shall be construed, interpreted and enforced in accordance with the Laws of the State of New York, USA as to contracts made, entered [*3] into

and performed therein, Jurisdiction of the State of New York, USA and the Federal Courts situated in the Borough of Manhattan, City of New York, State of New York, and to service and process by registered mail. All claims for arbitration shall be properly submitted to the Federal Courts situated in the Borough of Manhattan, City of New York, State of New York.

(Consulting and Representation Agreement, § 5.02, dated July 10, 2009 (Compl. Ex. A (Dkt. No. 1)) (emphasis added).) The 2009 Consulting Agreement also contains a merger clause, stating, "This Agreement contains the entire Contract between the parties with respect to the subject matter hereof and all proposals and representations with reference thereto are merged herein." (Id. § 10.01.)

The 2005 Working Agreement contains the following forum selection clause, however:

> All claims for arbitration shall be properly submitted to the International Arbitration Association (IAA), City of New York, and State of New York, where by mutual agreement the parties hereto authorize the appointment of a single arbitrator for resolution of disputes. The Contract and the Company further agree to be bound by any decision made by the IAA, which [*4] shall be accepted as final and not be a subject for appeals.

(Clover-ABH Coking Coal Agreement at 2 (Compl. (Dkt. No. 1) Ex. B).) There is no reference in either Agreement to having "any" or "all" claims arising under the respective agreements be submitted to arbitration.

Defendants have moved to dismiss the complaint to the extent it seeks to compel arbitration, arguing that (i) Section 5.02 does not constitute a "binding" arbitration clause such that the Court must compel arbitration of the instant dispute; and (ii) plaintiff failed to take the appropriate steps to compel arbitration such that it is an "aggrieved party" under the Federal Arbitration Act ("FAA"), see *9 U.S.C. § 4*. (Mem. in Support of Defs.' Mot. to Dismiss Pl.'s Compl. to Compel Arbitration (Dkt. No. 8) ("Defs. Mem.") at 7-15.)[2]

---

[2] The Court need not address defendants' argument that Bakalov and Crown cannot be compelled to arbitrate as non-signatories to the Agreements (see Defs. Mem. at 15-18) because, as set forth below, the Court finds that the parties did not enter into a binding agreement to arbitrate.

---

Plaintiff stands by its request to compel arbitration, submitting a May 18, 2010 letter (the "May 18 Letter") in [*5] support of its contention that it made the appropriate demand for arbitration (see Decl. of Paul Karshis on Behalf of ABHA Int'l, LLC Ex. B (Dkt. No. 14-1)), and arguing that because the Agreements are intertwined with--and. complementary to--each other, and because the 2005 Working Agreement contained an agreement to arbitrate, the Court must compel arbitration (see, e.g., Pl.'s Mem. in Support of Response and Opp'n to Defs.' Mot. to Dismiss ("Pl. Mem.") (Dkt. No. 14) at 7, 9-10).

The Court must first determine the threshold question of whether the parties agreed to arbitrate. See *JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004)*. The burden of proving an agreement to arbitrate rests with the party seeking to compel arbitration. *Symphony Fabrics Corp. v. Knapel, No. 07 Civ. 6606, 2008 U.S. Dist. LEXIS 44588, 2008 WL 2332333, at *4 (S.D.N.Y. June 2, 2008)*. Plaintiff has failed to meet that burden here.

"Arbitration is a matter of contract." *AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)* (quotation marks omitted). Although there is a strong federal policy favoring arbitration, *Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010)*; [*6] *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995)*, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute," *Granite Rock Co. v. Int'l Bhd. Of the Teamsters, ___ U.S. ___, 130 S. Ct. 2847, 2856, 177 L. Ed. 2d 567 (2010)*; see also *JLM Indus., Inc., 387 F.3d at 171* ("a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit"). The presumption in favor of arbitration "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Applied Energetics, Inc v. NewOak Capital Markets, LLC., 645 F.3d 522, 526 (2d Cir. 2011)*. Accordingly, "courts should order arbitration of a dispute only where the court is satisfied that . . . the formation of the parties' arbitration agreement . . . is in issue." *Granite Rock Co., 130 S.Ct. at 2857-58* (quotation marks omitted).

Here, plaintiff's claims arise out the 2009 Consulting Agreement. (See Compl. ¶¶ 18-36.) That agreement contains one single sentence discussing arbitration: "All claims for arbitration shall be properly submitted to the Federal Courts situated in the Borough [*7] of Manhattan, City of New York, State of New York." (2009 Con-

sulting Agreement § 5.02.) The Court reads that sentence as permitting arbitration--not requiring it. There is no reference to "any" or "all" disputes arising out of the 2009 Consulting Agreement being resolved through binding arbitration by any arbitral body, as is typical in broad, mandatory arbitration clauses. The above-quoted sentence of section 5.02 allows a party who requests that the parties arbitrate as required by the FAA--and is met with refusal--to seek to compel litigation in this Court.

Plaintiff's argument that the Agreements should be read together such that the 2005 Working Agreement's arbitration clause requires arbitration is unavailing. As an initial matter, the 2009 Consulting Agreement's merger clause (section 10.01.) precludes the consideration of anything outside the four corners of the agreement in construing the agreement's terms. A "general merger clause," like the one in the 2009 Consulting Agreement, which states clearly that it is "entire [agreement] between the parties" and that any other "proposals and representations . . . are merged herein" "precludes extrinsic proof to add to or vary" the [*8] terms of the agreement. *Primex Int'l Corp. v. Wal-Mart Stores, Inc.*, 89 N.Y.2d 594, 600, 679 N.E.2d 624, 657 N.Y.S.2d 385 (N.Y. 1997); see also *id. at 599* ("the purpose of a general merger provision, typically containing the language . . . that it 'represents the entire understanding between the parties,' is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing"); cf. *Applied Energetics, Inc.*, 645 F.3d at 525-26 & n.2. For that reason, the Court takes the 2009 Consulting Agreement as a "completely integrated writing," and does not construe it in conjunction with the reference to arbitration in the *2005 Working Agreement. Primex Int'l Corp.*, 89 N.Y.2d at 599-600.[3]

> 3   Contrary to plaintiff's argument, the circumstances and language of the Agreements here are not akin to those in *Bank Julius Baer & Co., Ltd. v. Waxfield Ltd.*, 424 F.3d 278 (2d Cir. 2005). Notably, the later-executed agreement in Bank Julius contained the following language: "Without exception, all the rights and remedies provided in this Agreement are cumulative and not exclusive of any rights or remedies provided under any other agreement or by law or in [*9] equity." *Id. at 282* (emphasis added) (quoting the Pledge Agreement at issue therein). That language expressly allows for prior agreed-to remedies to remain despite the merger clause in the later agreement. The 2009 Consulting Agreement here does not contain any such language.

Given the Court's finding that the reference to arbitration in the 2009 Consulting Agreement is permissive--and not mandatory (i.e., binding)--plaintiff has not met its burden of proving that a binding agreement to arbitrate exists, especially where, as here, defendant flatly disputes the existence of an agreement to arbitrate. The Court cannot compel arbitration of plaintiff's claims. See *Applied Energetics, Inc.*, 645 F.3d at 526. Accordingly, defendants' motion to dismiss the complaint to the extent it seeks to compel arbitration is GRANTED.[4]

> 4   Even if the parties had entered into a binding agreement to arbitrate (and, as discussed supra, they have not), plaintiff has not met the FAA's procedural requirements for seeking to compel arbitration. See *9 U.S.C. § 4*. The May 18 Letter in no way references arbitration, obut simply, states that failure to respond will "initiate' immediate legal action." (See Dkt. No. 14-1 [*10] at 2.) That does not provide "notice in writing of [an] application" to compel arbitration. *9 U.S.C. § 4*. Further, there is nothing in the record before the Court that demonstrates defendants' refusal to arbitrate. Id.; see also *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Carrington Capital Mgmt., LLC v. Spring Inv. Serv.*, 347 Fed. Appx. 628, 630 (2d Cir. 2009). Accordingly, plaintiff cannot claim that it is an "aggrieved" party under the FAA--i.e., a prerequisite to commencing legal action to compel arbitration. *9 U.S.C. § 4*.

II. JURISDICTION OVER BAKALOV AND CROWN

Upon review of the allegations against Bakalov and Crown (see Compl. ¶¶ 7, 10), the Court finds that they do not comport with *Rule 8(a)*. Nothing about those allegations provides a "short and plain statement of the grounds for the court's jurisdiction." See *Fed. R. Civ. P. 8(a)*. Defendants' motion on those grounds is granted.'

The claims against Bakalov and Crown are dismissed without prejudice. Plaintiff is given leave to amend the complaint by March 9, 2012, to provide sufficient allegations for the Court to determine the basis for its personal jurisdiction [*11] over Bakalov and Crown, if any.

III. SUBSTANTIVE CAUSES OF ACTION

In opposing defendants' 12(b)(6) arguments to dismiss plaintiff's substantive causes of action plead in the alternative, plaintiff's statements are two-fold: (a) that such arguments are "premature" in light of plaintiff's request to compel arbitration; and (b) relying on Ashcroft. v. Iqbal, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed.

2d 929 (2007), that the complaint provides "fair notice" of the claims. (Pl. Mem. at 23.) Plaintiff has failed to oppose defendants' 12(b)(6) arguments on their merits.

It is true that certain judges in this District have found that failure to respond to a motion (or arguments therein) amounts to a concession of the motion's propriety. E.g., *Rosenblatt v. New York*, 05 Civ. 5521, 2007 U.S. Dist. LEXIS 55853, 2007 WL 2197835, at *7 (S.D.N.Y. Jul. 31, 2007) (Lynch, J.); *Broad v. DKP Corp.*, 97 Civ. 2029, 1998 U.S. Dist. LEXIS 12942, 1998 WL 516113, at *3 (S.D.N.Y. Aug. 19, 1998) (Preska, J.). The Court finds the circumstances of those cases are distinguishable from those here. E.g., *Rosenblatt, 2007 U.S. Dist. LEXIS 55853, 2007 WL 2197835, at *7* (deciding a motion for summary judgment); *Broad, 1998 U.S. Dist. LEXIS 12942, 1998 WL 515113 at *3* [*12] ("plaintiff filed three rounds of material" in connection with a cross-motion).

Given that the Court has dismissed the portion of the complaint seeking to compel arbitration and dismissed the claims against Bakalov and Crown with leave to replead, the Court will grant plaintiff leave to amend the complaint's substantive causes of action as well.

Plaintiff should heed defendants' arguments in deciding whether--and how--to amend the complaint. If defendants renew their motion to dismiss under *Rule 12(b)(6)* against an amended complaint, and the Court finds that arguments in a new motion had been raised in the instant motion--and have merit, dismissal of any or all of plaintiff's claims may be with prejudice--i.e., plaintiff will not be given another opportunity to replead.

CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss plaintiff's complaint is GRANTED IN PART and DENIED IN PART. This Court will not compel arbitration of plaintiff's claims. Plaintiff's claims against Crown and Bakalov are dismissed without prejudice. The denial of the *Rule 12(b)(6)* portion of the motion is without prejudice. Defendants may renew their *Fed. R. Civ. P. 12(b)(6)* motion upon the filing [*13] of an amended complaint.

Plaintiff shall file an amended complaint that comports with the rulings made in this Memorandum & Order no later than March 9, 2012.

The initial pretrial conference will be held on February 17, 2012, as previously scheduled.

The Clerk of Court is directed to terminate defendants' motion to dismiss (Dkt. No. 7).

SO ORDERED:

Dated: New York, New York

February 16, 2012

/s/ Katherine B. Forrest

KATHERINE B. FORREST

United States District Judge