IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TEGO, INC., a Delaware corporation,

   Plaintiff,

     v.

MAINTAG, INC.,
a Delaware corporation,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2241-TWT

ORDER

This is an action for breach of contract. It is before the Court on the Defendant's Motion to Dismiss, Motion to Compel Arbitration and Motion to Stay [Doc. 9]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable

to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).  The Court cannot determine from the pleadings whether this action is subject to arbitration or not.  The Defendant's Motion to Dismiss, Motion to Compel Arbitration and Motion to Stay  [Doc.  9] is DENIED.

     SO ORDERED, this 25 day of September, 2013.

                    /s/Thomas W. Thrash
                    THOMAS W. THRASH, JR.
                    United States District Judge