UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TEGO, INC., ) | |
| a Massachusetts corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | 1:13-cv-02241-TWT |
| ) | |
| MAINTAG, INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**RESPONSE OF PLAINTIFF TEGO, INC. IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE CLERK'S <u>ENTRY OF DEFAULT</u>**

Plaintiff Tego, Inc. ("Plaintiff") respectfully opposes, and objects to, Defendant MAINtag, Inc.'s ("Defendant") Motion to Set Aside Clerk's Entry of Default [Doc. 23] ("Defendant's Motion").

I. **<u>INTRODUCTION</u>**

In this case, although Defendant has a right to appeal this Court's Order denying the Motion to Compel Arbitration, the appeal is frivolous. This Court after reviewing the pleadings determined it did not have enough information to determine whether the matter is subject to arbitration thus inviting the parties to

engage in discovery. The Court of Appeals, who reviews the denial *de novo,* is not a fact finder and will likely reach the same conclusion.

Defendant did not Answer the Complaint by October 28, 2013, and is in default. Even if Defendant moved for a stay the day the Answer was due, which at minimum may have had the procedural effect of excusing the answer deadline, Defendant is nonetheless not entitled to a stay.

For the filing of a frivolous appeal, for failing to stay the litigation, and for failing to Answer the Complaint, Defendant is in default. Defendant has not moved to set aside the default for the reasons set forth in Fed. R. Civ. P. 60(b). Therefore, Defendant's Motion to Set Aside Default Judgment should be DENIED.

## II.     **PROCEDURAL HISTORY**

Plaintiff filed its Complaint against Defendant on July 3, 2013. [Doc. 1.] Defendant was served on July 10, 2013, and the Answer was initially due on July 30, 2013. [Doc. 6.] On Defendant's request, the Answer period was extended to August 12, 2013. [Doc. 8.]

On August 12, 2013, instead of Answering the Complaint, Defendant filed a Motion to Dismiss or in the Alternative, Motion to Compel Arbitration and Motion to Stay the Action. [Doc. 9.] On September 26, 2013, this Court entered an Order

denying the Motion to Dismiss, Motion to Compel Arbitration, and Motion to Stay. [Doc. 12.]  In so ruling, this Court stated:

> **The Court cannot determine from the pleadings whether this action is subject to arbitration or not.**

On October 3, 2013, Defendant filed its Motion for Reconsideration.  [Doc. 13.]  On October 9, 2013, Defendant filed a Motion for Extension to Answer. [Doc. 14.]

On October 10, 2013, this Court granted Defendant's Motion for Extension to Answer and ruled that Defendant's Answer was due fifteen (15) days after the filing of this Court's Order on Defendant's Motion for Reconsideration.  [Doc. 16.] On October 11, 2013, this Court denied Defendant's Motion for Reconsideration. [Doc. 17.]  By virtue of the denial of the Motion for Reconsideration, Defendant's Answer was due on October 28, 2013.

On October 28, 2013, Defendant filed its Notice of Appeal of the denial of the Court's Motion to Dismiss under Rule 12(b)(3) for improper venue and to compel arbitration.  [Doc. 18.]  On November 4, 2013, Plaintiff made a motion for entry of default.  [Doc. 22.]

On November 5, 2013, for its failure to file an Answer, the Clerk made entry of default on the docket.  On November 11, 2013, Defendant filed a Motion to Set Aside the Clerk's entry of default.  [Doc. 23.]

### III.     LEGAL ARGUMENT AND CITATION OF AUTHORITY

<p style="padding-left: 2em;">A.     <u>Defendant's appeal is frivolous; therefore, for the failure to seek a stay or Answer by October 28, 2013, Defendant is in default and its Motion to Set Aside should be denied.</u></p>

<p style="text-align: center;"><i>i.     Defendant's appeal is frivolous.</i></p>

Defendant's appeal is frivolous.  Notwithstanding the reasons set forth in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or in the Alternative Motion to Compel Arbitration and Stay this Action [Doc. 10] that arbitration is improper, this Court found that there was simply not enough information to make a determination whether the matter is subject to arbitration. [Doc. 12.]  Prior to Defendant's default, the correct procedural path for the parties was to take up the invitation of the Court to engage in discovery in an effort to resolve the issue.  Whether arbitration is required by the parties is a fact issue.  The appellate courts are not fact finders – the Court of Appeals will likely reach the same result as this Court and deny the Motion to Compel Arbitration.  For these reasons, the Court of Appeals will likely conclude the appeal is frivolous.

<p style="text-align: center;"><i>ii.     Defendant has not met the criteria to set aside the default.</i></p>

When a party against whom judgment is sought fails to plead or otherwise defend against the claim, and the failure is shown by affidavit, the clerk must enter the party's default.  See Fed. R. Civ. P. 55(a) which states, in part:

<p style="text-align: center;">4</p>

(a)  Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b)  Entering a Default Judgment.

(1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
. . .

A default judgment may be set aside under Fed. R. Civ. P. 60(b) which states, in part, as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

A motion for default judgment must be made within a reasonable amount of time.  Fed. R. Civ. P. 60(c)(1).  A motion to set aside default judgment does not affect the judgment's finality or suspend its operation.  Fed. R. Civ. P. 60(c)(2).

In this case, the Court ordered Defendant to Answer or otherwise respond to Plaintiff's Complaint within fifteen days of the Court's Order on Defendant's Motion for Reconsideration.  [Doc. 16.]  On October 11, 2013, this Court denied Defendant's Motion for Reconsideration.  [Doc. 17.]   Therefore, Defendant's Answer or other response was due on October 28, 2013.

For the failure to Answer by October 28, 2013, Plaintiff requested and obtained an entry of default.  [Doc. 22.]  Defendant has moved to set aside the default but has failed articulate why under Fed. R. Civ. P. 60(b) the default should be set aside.  In the event the Court of Appeals determines Defendant's appeal is frivolous, this Court should find Defendant has failed to meet its burden to set aside the default and deny Defendant's motion accordingly.

>        *iii*.    *Defendant is not entitled to a stay of litigation.*

Defendant did not file a motion to stay the litigation.[1]  Instead of Answering

---

[1] Defendant cites various cases in support of its proposition that a stay of proceedings in this Court is mandatory; however, in each of the cited cases, the party filing the appeal had *also filed* a motion to stay proceedings.

Plaintiff's Complaint, Defendant filed a Notice of Appeal.  In the event Defendant later seeks a stay, for the reasons set forth below, it should be denied.

The district court retains jurisdiction to grant a stay of its judgment, despite the filing of a notice of appeal.  *See Western Sur. Co. v. Mooney Constr., Inc.*, 2013 U.S. Dist. LEXIS 161977, at *1-2 (N.D. Ga. 2013) citing *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("a notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment").

Under Fed. R. Civ. P. 62(b), the court may stay proceedings pending the disposition of a motion for relief from a judgment or order.  Specifically, Fed. R. Civ. P. 62(b) states:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:
> . . .
> (4) under Rule 60, for relief from a judgment or order.

Issuance of a stay pending appeal of an order compelling arbitration is a matter to be considered within the discretion of the district court.  *See Chempower, Inc. v. Robert McAlpine, Ltd.*, 849 F.Supp. 459, 462 (S.D. W.Va. 1994) (denying respondents motion to stay litigation pending appeal of order compelling arbitration).  The exercise of discretion whether to issue a stay pending appeal must be made with consideration of the factors enunciated in *Hilton v. Braunskill*,

481 U.S. 770, 776 (1987) which are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

A stay of the proceedings *upon motion* is properly granted when a party files a non-frivolous appeal under 9 U.S.C. § 16(a) and the district court should not exercise control over the aspects of the case involved in the appeal.  *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (emphasis added).  *See also Advanced Bodycare Solutions, LLC v. Thione Int'l Inc*., 524 F.3d 1235, 1240-1241 (district court properly denied motion to stay litigation pending arbitration pursuant to 9 U.S.C. § 3 because mediation process is not arbitration); *TGB Marine, LLC v. Midnight Express Power Boats, Inc*., 2008 U.S. Dist. LEXIS 90001, at *3 (S.D. Fla. 2008) (the granting of defendant's motion to stay divested the court of jurisdiction pending resolution of appeal of denial to compel arbitration).

This Court retains jurisdiction on whether to grant a stay.  Evaluating the four factors annunciated in the *Hilton v. Braunskill* case, this Court should find Defendant unable to meet the factors for a stay.  Specifically, both sides briefed the

8

issue regarding arbitration and the Court concluded that it could not determine from the pleadings whether this action is subject to arbitration or not. Therefore, Defendant will not likely succeed on the merits on appeal.

The failure to file a motion to stay has the effect of keeping the litigation active in this Court. As such, the Answer to the Complaint was due on October 28, 2013. In the event the filing of the appeal is found by the Court of Appeals to be frivolous, Defendant remains in default.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Set Aside the Clerk's Entry of Default be DENIED.

Respectfully submitted, this 25th day of November, 2013.

/s/ Amy K. Weber

Eric S. Fisher
Georgia Bar No. 250428
efisher@taylorenglish.com
Amy K. Weber
Georgia Bar No. 773736
aweber@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, South 400
Atlanta, GA  30339
(770) 434-6868 (telephone)

*Counsel for Plaintiff Tego, Inc.*

9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TEGO, INC.,**  )<br>a Massachusetts corporation,  )<br>                                                )<br>            **Plaintiff,**         )<br>                                                )    **CIVIL ACTION NO:**<br>**v.**                                        )    **1:13-cv-02241-TWT**<br>                                                )<br>**MAINTAG, INC.,**              )<br>a Delaware corporation,     )<br>                                                )<br>            **Defendant.**       )<br>_____ ) | |

**CERTIFICATION OF FONT TYPE AND SIZE**

The undersigned counsel hereby certifies that the foregoing RESPONSE OF PLAINTIFF TEGO, INC. IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

                                        /s/ Amy K. Weber
                                        Amy K. Weber
                                        Georgia Bar No. 773736

## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of November, 2013, a true and correct copy of the foregoing RESPONSE OF PLAINTIFF TEGO, INC. IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT was electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

>Ronald B. Gaither
>SCHIFF HARDIN, LLP
>One Atlantic Center, Suite 2300
>1201 West Peachtree Street
>Atlanta, Georgia 30309
>(404) 437-7000
>rgaither@schiffhardin.com
>*Attorneys for Defendant MAINtag, Inc.*

>/s/ Amy K. Weber
>Amy K. Weber
>Georgia Bar No. 773736